EX PARTE CAYETANO COLL CUCHÍ, HIJO, peticionario.

Sometido: Noviembre 6, 1933. Resuelto: Noviembre 17, 1933.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Es requisito exigido por nuestras leyes para que una persona sea admitida a examen como abogado que nos presente el diploma que como tal haya obtenido. Cayetano Coll Cuchí, hijo, nos pide que lo admitamos a examen como abogado sin presentarnos su diploma como tal, fundándose para ello en la Resolución Conjunta No. 40 de 1933 (pág. 721). Esa Resolución Conjunta dice así:

"POR CUANTO, Cayetano Coll Cuchí hijo, de Puerto Rico, cursó sus estudios en el Colegio de Leyes de la Universidad de Louisville, Kentucky, y aprobó todas y cada una de las distintas asignaturas requeridas por dicha universidad en su curso de tres años para conceder el diploma de Bachiller en Leyes;

"POR CUANTO, el dicho Cayetano Coll Cuchí hijo, fué examinado por la Junta de Examinadores de la Corte de Apelaciones del Estado de Kentucky en los días diecisiete y dieciocho de abril de 1930 los cuales aprobó; y habiendo además aprobado el curso requerido por dicha universidad para la obtención del diploma de Bachiller en Leyes fué admitido al ejercicio de la profesión en dicho Estado;

"Por cuanto, el dicho Cayetano Coll Cuchí hijo, fué admitido al ejercicio de su profesión en el Estado de Kentucky por la Corte de Apelaciones con la recomendación de la Junta de Examinadores del Estado de Kentucky el día veintitrés de septiembre de 1930;

"Por cuanto, el dicho Cayetano Coll Cuchí hijo, fué también admitido al ejercicio de su profesión por la Corte de Distrito de los Estados Unidos para el distrito de Kentucky, en su circuito correspondiente, el día veintiséis de septiembre de 1930;

"Por cuanto, el dicho Cayetano Coll Cuchí hijo, fué admitido al ejercicio de su profesión por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico el día veintiocho de octubre de 1930;

"Por cuanto, el dicho Cayetano Coll Cuchí hijo, ha estado ejerciendo su profesión en la oficina de Cayetano Coll Cuchí por un período de tiempo de más de dos años;

"Por cuanto, debido a un tecnicismo del reglamento que rige la Universidad de Louisville, Kentucky, y a pesar del hecho de que dicho Cayetano Coll Cuchí hijo, atendió las clases durante su curso y aprobó todas las asignaturas requeridas por el Colegio de Leyes de dicha Universidad hacia la obtención de dicho diploma de LL. B., no se le ha concedido nunca diploma acreditando su graduación como Bachiller en Leyes; aunque el hecho de esa graduación se demuestra por una carta que le ha sido entregada a dicho Cayetano Coll Cuchí hijo;

"Por cuanto, bajo esas condiciones y con una notoria injusticia al dicho Cayetano Coll Cuchí hijo, éste no puede hacer su solicitud para un examen de reválida ante el Tribunal Supremo de Puerto Rico sin la propia autorización por un acto de la Legislatura, porque a pesar de que él es un graduado de una universidad acreditada no está en la posesión actual de un diploma que así lo acredite,

"Por tanto, *Resuélvese por la Asamblea Legislativa de Puerto Rico:*

"Sección 1.—Autorizar y por la presente se autoriza al Tribunal Supremo de Puerto Rico a conceder a Cayetano Coll Cuchí hijo, cuando lo crea conveniente, un examen de reválida para el ejercicio de la profesión de abogado en Puerto Rico, siempre y cuando el dicho Cayetano Coll Cuchí hijo, presente al tiempo de hacer su solicitud prueba de los hechos relatados en todos y cada uno de los 'Por cuantos' de esta Resolución; y si el dicho Cayetano Coll Cuchí hijo, aprobara los exámenes a que fuera sometido, se autoriza al Tribunal Supremo

de Puerto Rico a expedir la correspondiente licencia para su ejercicio de la abogacía en esta Isla.''

Con la solicitud de examen ha presentado el peticionario prueba de los hechos relatados en algunos de los ''por cuantos'' de la mencionada resolución pero no la ha presentado de que, como se dice en el primero de ellos, aprobó todas y cada una de las distintas asignaturas requeridas por el Colegio de Leyes de la Universidad de Louisville, Kentucky, en su curso de tres años para conceder el diploma de Bachiller en Leyes; ni tampoco la carta que demuestra el hecho de su graduación. Podría decirse que tal prueba no es necesaria porque el peticionario ha demostrado que fué examinado por la Junta de Examinadores de la Corte de Apelaciones del Estado de Kentucky y admitido al ejercicio de la profesión de abogado en dicho Estado pero, aparte de que ignoramos los requisitos que allí se exigen para tal examen y admisión, los términos de la Resolución Conjunta son tan precisos y exigentes para conceder al peticionario la gracia de ser admitido a examen de abogado sin presentar el diploma que debe librarle la universidad donde estudió, que creemos no debemos admitirlo a examen como abogado, por lo que su petición *debe ser negada.*